UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSMONDO DWAYNE SMITH,

        Plaintiff,

-against-

THE STATE OF NEW YORK, ET AL.,

        Defendants.

23-CV-7613 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Attica Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.[1] On October 12, 2023, without being directed to do so by the Court, Plaintiff filed an amended complaint. By order dated October 27, 2023, the Court directed Plaintiff to file a second amended complaint to address deficiencies in his pleading. Plaintiff filed a second amended complaint on December 1, 2023, and the Court has reviewed it. The Court dismisses the action for the reasons set forth below.

## BACKGROUND

    Plaintiff's first amended complaint, which consisted of an 11-page amended complaint form and 75 pages of attachments, was difficult to understand. In its October 27, 2023 order to amend, the Court instructed Plaintiff that the amended complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure because it "contain[ed] extraneous and confusing information and [did] not contain a short and plain statement showing that Plaintiff [was] entitled

---

[1] The original complaint in this action was initially docketed as an amended complaint in another of Plaintiff's actions pending in this court, *Smith v. Miller*, No. 23-CV-5811 (LTS) (S.D.N.Y.). By order dated August 24, 2023, the Court directed the Clerk of Court to open that document as a complaint in a new civil action. (ECF 1). The original complaint is undated.

to relief." (ECF 15, at 6.) Based largely on the attachments, the Court construed the amended complaint as attempting to assert claims that correction officers jeopardized Plaintiff's safety by spreading rumors about his sexuality and claims for retaliation under the First Amendment. With respect to the former claims, the Court noted that Plaintiff did not allege any facts suggesting that he suffered physical injury or was threatened with imminent physical injury as a result of the officers' comments, or facts alleging that any individual defendant knew of but disregarded such a risk to Plaintiff's safety. With respect to the First Amendment retaliation claims, the Court noted that filing prison grievances is a constitutionally protected activity, but determined that even if it assumed that correction officers' actions would deter an individual from exercising that right, Plaintiff did not allege any facts suggesting a causal connection between the filing of grievances and any alleged retaliatory acts.

      The Court dismissed Plaintiff's claims against the State of New York under the doctrine of Eleventh Amendment immunity, and granted Plaintiff leave to file a second amended complaint detailing his claims that correction officers were deliberately indifferent to his safety and retaliated against him in violation of the First Amendment.

      On December 1, 2023, the Court received Plaintiff's second amended complaint. Like Plaintiff's previous pleadings, the second amended complaint is difficult to understand. Named as Defendants are Green Haven Superintendent Miller and numerous named and John Doe correction officers and DOCCS officials at Green Haven Correctional Facility, and, possibly, at Coxsackie Correctional Facility, where Plaintiff was incarcerated after he left Green Haven. He states that the events giving rise to his claims occurred at Green Haven on January 3 and January 4, 2023. The fact section of the complaint, which begins on the complaint form and continues onto eight additional pages, begins,

> Mr. Colon (DOCC's) Mrs. Jackson, (DOCC's) CO Mr. Brown, CO Mr. C. at the front desk area of ICP program Hallway on video camera CS-21117, audio unknown # to the allegation of [Plaintiff], with others, within this ICP program. 7-3 tour, arear ICP program, time 8am till 1045 am, both day's complaint dated January 4th 2023 to in which name of individual who put out there as to the disrespect, January 3rd in Rm. 5, (me) and Mr. Colon DOCC's had words, to the point he must have felt disrespected, cause it was in front of the class of individual's, on the 3rd of the month, the 4th is when, a male individual on 6 Gallery made a jester [sic] to someone on gallery in form of coming out the closet. I did think anything (I know who I am) until, it was brought to my attention he was preferring that to me, then person unknown to complaint told me who said what, which on the 4th I when to talk to Ms. Gibbs Jackson & see this DOCC's staff Mr. Colon to these unlawful allegation's in which had stated, he denied it. Me, him, Ms. Gibbs, talk for a while about life up's down's, mental illness handling it disorder's on video CS-21116, from that month as time past, I'm fighting my case, staying in my cell, only using the kiosk tablet machine, to buy music & movies, use the phone and lock back in, I was the porter for sometime, worked kept thing's clean & lock in when done, dated back 10-5-22, this facility stopped everything with no reason as to my feed, medical & medication's was all change for no reason, file grievance to these matter's, then came, my mail receipt not being issue certified mail receipt, ticket's which I haven't had in 4 year until Green Haven.

(ECF 16, at 2-3.)[2]

Much of the remainder of Plaintiff's allegations appears to be a day-by-day description of events that occurred in August and September 2023. For example, Plaintiff suggests that correction officers may have "set [him] up":

> 8-6-23 time 1pm to 3pm tour 7-3 area ICP program area in DOCC's counselor's office camera CS-21116 to how I feel and the way I feel they are trying to set me up, and to how they stated I signed papers I never sense before this day. 8-8-23 time 1pm + 3pm tour 7-3, rea Dr. Martin's office with SORC Ms. Griffin of ICP director, to me stated the I want to move to another company [illegible.] The day before SHU incident to the following, CO Crow knew these two individual's stole my artwork on my designer sneaker's across state lines Unique Brand . . . .

(*Id.* at 3-4.)

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

3

>Plaintiff further alleges,
>
>8-6-23, 7-3 tour time 1pm ICP program area which I stated to Ms. Jackson Mr. Colon cause Mr. Colon put some papers in my door of cell, in which he stated signature on individual and I never signed or seen these paper, on same time & date and addressed this to these two defendants on this Date camera CS-21116 to them trying to take my proximity of being down this way to see my lil girl who is now 13 years old, which I haven't seen since she was 2 years old on her last birthday, which we shared Aug. 17th 2012, and they put this case on my Sept. 1st 2012, to only see her on Riker's then Green Haven, once at 5 year's old til now which I have a (in person) court appearance which, do to the fact's of me being in the (SHU) from Green Haven in form Coxsackie Correctional Facility Superintendent, Shanley Raymond, Shanley, RMHU Sgt Director Petrone, Sgt. Michael Fosmire, which in RMHU, CO McDonald, and other which I'm trying to understand why these individual's are stopping my certified mail from going to the Court's (go back to).

(*Id.* at 5.)

Plaintiff references his "mail issue," stolen "designs," and an altercation with another prisoner:

>8-9-23 Day of incident to be in (SHU) time 930 AM, Wednesday community meeting on the unit ICP camera CS-15043 by the ice machine, CS-15045 next to 4 gallery[.] All of these Defendant are presented but, CO Brown, CO Smiley, Officer Hull Sr was presented Ms. Jackson, Ms. Bookum, Mr. Colon, Dr. Martin, SORC, Mrs. Griffin, the Sgt. John Doe known to my mail issue, Dated back 2-17-23, CS-15048 or 49 on 6 Gallery, which this Sgt stated Smith you got feed in back and your diet tray as well, without seeing anyone just like that, individual who stole my design's and let it be known to other's who was joking in front of my cell on way to the yard I just step to individual on same trying to grab him, which they stated I cutt him and no weapon was found. We got in to a face off he got a hit and I fell got up with all of my feeling's and everything that hurt's from being away from my family all came out and I chased him down up the stairs to the ICP unit. Everyone who always on Wednesday community meeting walk down with me or beat us downstairs or something like that, but this time everybody is up in the bubble area, before we were to the yard, and when me & the individual whom I was after was running around the bubble & company which Mr. Colon stated Smith ok stop. Then officer Hull Sr. by the entrance of the ICP door way next to the TV's he stated Smith alright I know what happen, I said you know so this is a set up he said, he is a asshoe, I said okay and put my hands on the wall, all on video & audio to what was said and the conduct on the Defendant's CO Boe's saw my face wanted to laugh, but looked up and covered his mouth.

(*Id.* at 7-8.)

4

> Among other allegations, Plaintiff also states,
>
> On September 5th 2023, my case was and is on the law library tablet's, as to the mail retaliation's and misconduct on opening my legal mail out of my presents[.] Date 2-17-23, 3-11 tour area 6 gallery Officer Moran give me my mail, on camera CS-15048-CS-15049, to this issued, as to him CO Mr. Moran making the remark to me getting certified mail receipt's from another individual on 5 gallery in the first few cells's, dated January 9th 2023, 4pm on 3-11 tour, on camera's CS-15055_CS-15054, as to assassinate my character, on a individual who was in the cell across from individual from who I got the receipts slips a that person was a homosexual, which they did everything to keep that person cool and she/she did whatever it wanted on video & audio to this as well[.] . . .

(*Id.* at 9.)

In the section of the complaint form asking him to describe the relief he is seeking, Plaintiff asks the Court to review various audio and video footage and to award him money damages. (*See id.* at 13-14.)

## DISCUSSION

Plaintiff's second amended complaint does not cure the deficiencies identified in the Court's order to amend. Nowhere in the second amended complaint does Plaintiff allege any facts suggesting that he suffered physical injury or was threatened with imminent physical injury as a result of an officer's comments regarding his sexual orientation, or facts alleging that any individual defendant knew of but disregarded such a risk to Plaintiff's safety. Neither does the second amended complaint allege any facts suggesting that any defendant retaliated against Plaintiff due to Plaintiff's filing of grievances. Moreover, the second amended complaint – which consists of a series of largely incomprehensible allegations – does not comply with Rule 8 of the Federal Rules of Civil Procedure's requirement that a complaint include a short and plain statement showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8. The Court therefore

dismisses the second amended complaint for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff is attempting to assert any state law claims, the Court declines to exercise supplemental jurisdiction of those claims. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### A.      Further leave to amend is denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

---

[3] Some of Plaintiff's allegations appear to reference correction officials possibly tampering with his mail. Plaintiff has another action pending in this court in which he asserts that individuals at Green Haven have tampered with his mail. *See Smith v. Miller*, No. 23-CV-5811 (LTS) (S.D.N.Y.). In that action, by order dated January 8, 2024, the Court granted Plaintiff leave to file an amended complaint in that action. If Plaintiff has facts in support of his claims that correction officials have tampered with his mail, he may allege such facts in his amended complaint in No. 23-CV-5811 (LTS).

there is no indication that the defects in Plaintiff's pleadings can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 16, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge